UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In the Matter of the Complaint of ) | |
| AMERICAN COMMERCIAL LINES, LLC ) | |
| as Owner and Operator of the inland river ) | No. 4:11-CV-1169 CAS |
| barge ACBL 436, Official No. 653897, for ) | |
| Exoneration from or Limitation of Liability ) | |

### ORDER

This matter is before the Court on review of the file. On July 1, 2011, plaintiff American Commercial Lines, LLC filed a Complaint for Exoneration from or Limitation of Liability pertaining to an incident on March 27, 2007, in which Derek W. Byers, an employee of Alberici Constructors, Inc., was injured while attempting to offload a piece of duct that was cargo in the barge ACBL 436.

With the complaint, plaintiff submitted an affidavit appraising the value of the vessel at issue. On July 6, 2011, plaintiff filed a Letter of Undertaking in Lieu of Limitation Bond as security for the amount of the valuation plus interest at the legal rate of 6% per annum and court costs. The Court has consulted the Clerk of the Court and the General Counsel's Office of the Administrative Office of the United States Courts concerning the acceptability of the Letter of Undertaking. The Court has been advised that the insurance underwriter, National Liability and Fire Insurance Company, is not on the United States Treasury Department's Listing of Certified Companies for Surety Bonds, and therefore is not an acceptable surety.[1]

In view of this administrative deficiency, it appears that plaintiff has not met the security requirements of Rule F of the Supplemental Rules for Admiralty or Maritime Claims, and as a result

---

[1]In addition, an out-of-state surety company must be licensed in the State of Missouri and must file a document establishing an agent for service of process within this judicial district. The original of any bond or Letter of Undertaking in Lieu of Bond must be filed in paper format with the Clerk of the Court.

plaintiff's Motion for Entry of Order Approving Letter of Undertaking as *Ad Interim* Stipulation, Restraining Suit, Fixing Deadline for Filing Claims, and Directing Issuance of Notice should be denied without prejudice.

In accordance with Rule F(3), upon plaintiff's compliance with the rule's requirements pertaining to security, and on separate application of the plaintiff reciting plaintiff's compliance with the Court's security requirements, the Court may enjoin prosecution of any action or proceeding against plaintiff or its property with respect to any claim subject to limitation in this action. In addition, the Court may then, pursuant to Rule F(4), issue a notice to all potential claimants, fixing a date by which their claims must be asserted.

Plaintiff has submitted a proposed notice in this matter. To seek the issuance of the notice, after completing compliance with the security requirements of Rule F(1), plaintiff shall file a renewed motion, along with a revised proposed notice if appropriate, and shall set forth the specific method of its publication in accordance with Rule F(4), and advise the Court of any persons known to have already asserted a claim against the vessel or the plaintiff arising out of the incident on which the claims sought to be limited arose.

In the event that any other case management steps are advisable now or in the near future to promote the expeditious progress of this proceedings, plaintiff should so advise the Court through an appropriate motion or memorandum.

Accordingly,

**IT IS HEREBY ORDERED that** plaintiff's Motion for Entry of Order Approving Letter of Undertaking as *Ad Interim* Stipulation, Restraining Suit, Fixing Deadline for Filing Claims, and Directing Issuance of Notice is **DENIED without prejudice**. [Doc. 3]

**IT IS FURTHER ORDERED** that plaintiff shall, no later than August 18, 2011, deposit with the Court either the sum required by the previously-filed Affidavit of Value and the applicable provisions of Rule F, or security therefor in a form acceptable to the Clerk of the Court.

**IT IS FURTHER ORDERED that**, no later August 18, 2011, plaintiff shall file a motion for the issuance of notice to claimants, which shall: (1) recite plaintiff's compliance with the Court's security requirements, (2) contain plaintiff's proposed language for such a notice and a detailed proposal for the means of publication of such a notice, and (3) list every person known to have made any claim against the plaintiff or the vessel at issue arising out of the incident on which the claims sought to be limited arose. In all applicable respects, plaintiff's proposal shall comply with the requirements of Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of July, 2011.